UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CARLOS A. ANTONETTI, individual and on behalf of son C.J.A.,

                      Plaintiff,

v.

DAVE & BUSTERS, 42nd Street Times Square; JOHN DOES & JANE DOES,

                      Defendant.

**TRANSFER ORDER**

22-CV-6892 (LDH) (JRC)

---

LaSHANN DeARCY HALL, United States District Judge:

Carlos A. Antonetti, on behalf of himself and his minor son, ("Plaintiff") brings the instant action against Dave & Busters 42nd Street Times Square, and Dave & Busters employee John and Jane Does (collectively, "Defendants"), alleging that Defendants ejected him from Dave & Busters due to gender discrimination, in violation of 42 U.S.C. §§ 1983, 1985 and Title II of the Civil Rights Act of 1964. For the reasons discussed below, venue is improper in the Eastern District of New York, and the case is transferred to the Southern District.

**BACKGROUND**[1]

Plaintiff commenced the instant action on November 10, 2022. (Compl., ECF No. 1.) Plaintiff alleges that on October 22, 2022, he and his young son went to the Dave & Busters located at 234 W. 42nd St., New York, New York. After a short time inside, Plaintiff and his son were asked to leave by Dave & Busters security for purportedly making "inappropriate and lewd remarks." *Id*. Plaintiff maintains he and his son sat at the bar and ordered food, and did not make any untoward statements. *Id*. Instead, Plaintiff attributes Defendant's actions to

---

[1] The following facts are derived from the complaint and are assumed to be true for the purpose of this memorandum and order. The Court refers to the page numbers assigned by the court's ECF system.

1

discrimination on the basis of his gender expression, because he was "seen doing the roles of both the mother and the father." *Id*. at 3.

## DISCUSSION

Under 28 U.S.C. § 1391, a civil rights action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). If an action is filed in the wrong district court, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff fails to include any allegations that might indicate the residences of Defendants. However, it is plain from the facts that a substantial part—indeed, all—of the events giving rise to the claim took place within the confines of the Southern District, namely, Manhattan. Therefore, the Southern District of New York is the proper venue for Plaintiff's claims.

Accordingly, the Clerk of Court is hereby directed to transfer this action to the United States District Court for the Southern District of New York. 28 U.S.C. §§ 1391(b); 1406(a). No summons shall issue from this Court. The Court notes that a decision on Plaintiff's request to proceed in forma pauperis is reserved for the transferee Court. That provision of Rule 83.1 of the Local Rules of the Eastern District of New York which requires a seven-day delay is waived.

SO ORDERED.

                                                /s/ LDH
                                         LaSHANN DeARCY HALL
                                         United States District Judge

Dated: Brooklyn, New York
       December 27, 2022

3